IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA FORTE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| WAYNE FARMS, LLC AND ) | JURY TRIAL DEMANDED |
| DOTHAN SECURITY INC., ) | |
| ) | |
| DEFENDANT(S). ) | |

## COMPLAINT

## JURISDICTION

1. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

3. Plaintiff timely filed a charge of discrimination against Wayne Farms, LLC and Dothan Security, Inc. with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC from Wayne Farms, and awaits the right-to-sue letter for Dothan Security, Inc. (Exhibit B).

## PARTIES

4. Plaintiff, Jessica Forte, ("Plaintiff" or "Forte") is a resident of Tuskegee, Macon, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Division.

5. Defendant Wayne Farms, LLC ("Wayne Farms") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

6. Defendant Dothan Security, Inc. (DSI) is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of Process in Alabama.

7. Defendant DSI employed at least fifteen (15) people during the current or preceding calendar year.

8. Defendant Wayne Farms employed at least fifteen (15) people during the current or preceding calendar year.

## FACTS

9. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

10. Plaintiff is a person of African ancestry, the "race" colloquially referred to as "Black."

11. Plaintiff began her employment with defendant Dothan Security in Montgomery, Alabama on or about June 29, 2024, as a Security Officer.

12. Dothan Security placed Ms. Forte at Wayne Farms to do security detail there.

13. On her second week of work, while she was finishing up her rounds of checkpoints, Chuck (LNU), a Safety Manager for Wayne Farms, approached her vehicle and asked what she was doing in the vehicle.

14. Plaintiff explained that she was permitted by her supervisor to sit in her vehicle between duties.

15. Chuck became angry with her and yelled at her that she was a "bald-faced liar."

16. After this happened, Plaintiff's supervisor at Dothan Security, Precious Farmer, sent her a text message apologizing for Chuck's behavior.

17. The next week, a similar incident occurred.

18. Chuck knocked on the door of Plaintiff's vehicle and once again, when she told him why she was in the vehicle, he called her a liar.

19. Plaintiff was then sent home without any explanation and never heard from DSI or Wayne Farms again.

20. When Forte asked DSI why she was being let go, she was told the company did not have to give a reason.

21. Plaintiff learned from another employee, Clarence Woods, that at an orientation meeting, Chuck had said, "If it was my company, I would rather have Mexican people out here working. We wouldn't have all these black people."

22. Wayne Farms also had a security shed.

23. In this shed, Chuck posted pictures of people that he had "banned" from the premises.

24. The shed contained dozens of pictures of African American former employees with the words "PLEASE DO NOT ALLOW ON COMPANY PROPERTY" stamped underneath their names.

25. Defendants' purported reasons for terminating Ms. Forte's employment were pretextual.

26. Defendants posted a job advertisement for the position from which Ms. Forte had been terminated shortly after she was terminated.

## COUNT I TITLE VII - RACE DISCHARGE

27. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

28. Plaintiff is a person of African ancestry.

29. Plaintiff was qualified for the security guard position.

30. Defendant's employee, Dwayne (LNU), terminated Plaintiff's employment on or about .

4

31. Other people who are not "Black" engaged in the same or similar conduct but remained employed.

32. Defendant's actions in terminating Plaintiff's employment violated Title VII.

33. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

34. Defendant did not terminate employees who are not "Black" for the same or similar conduct.

35. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

36. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

## COUNT II 42 U. S. C. § 1981 DISCHARGE

37. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

38. Plaintiff is a person of African ancestry.

39. Plaintiff was qualified for her position.

40. On or about July 28, 2024, Defendants terminated Plaintiff's employment.

41. Because of Defendants' discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

42. Because of Defendants' violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

43. Defendants' decision to terminate Plaintiff's employment was made, in whole or part, because of her race in violation of 42 U. S. C. § 1981.

44. Because of Defendants' violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D. Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G. Any different o

H. r additional relief as determined by the Court to which Plaintiff is entitled.

*/s/ Kira Fonteneau*
Kira Fonteneau ASB-7338-k58f

**PARTNER,**

THE WORKERS FIRM LLC

2 North 20th St, Suite 900
Birmingham, AL 35203
2 North 20th St, Suite 900
Birmingham, AL 35203
(404) 382-9660
fonteneau@theworkersfirm.com

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Wayne Farms, LLC**                **Dothan Security Inc.**
**2 North Jackson St., Suite 605**  **600 West Adams Street**
**Montgomery, AL 36104**            **Dothan, AL, 36303**